UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: TIMOTHY RESLER and KIMBERLY RESLER,<br><br>Debtors.<br>_____<br><br>JANINE P. REYNARD, TRUSTEE<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY RESLER and BOISE STATE UNIVERSITY,<br><br>    Defendants. | Case No. 1:18-cv-00302-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. BACKGROUND

Pending before the Court is Defendant Jeffrey Resler's Motion to Withdraw Reference to the Bankruptcy Court. Dkt. 1. In his Motion, Resler clarifies that he does not seek an immediate withdraw of the bankruptcy reference, but only that the reference be withdrawn *after* the Bankruptcy Court certifies this case is ready for trial. The Court set an expedited briefing schedule on this Motion and requested responses from all parties involved who wished to be heard on the matter. Plaintiff Janine Reynard has filed a response, noting that she does not object to the reference being withdrawn on the

condition that the matter is immediately referred back to the Bankruptcy Court for all pre-trial proceedings. Dkt. 2. No other party responded. Although the final briefing deadline has not passed, there is no reason to wait for reply briefs. In light of Reynard's non-objection—and no other responses—there is nothing to reply to. The Motion is, therefore, ripe for the Court's review. Good cause appearing—and because the parties agree on the matter—the Court **GRANTS** the Motion.

## II. LEGAL STANDARD

Federal district courts have original jurisdiction over cases arising under the Bankruptcy Code. 28 U.S.C. § 1334(a). This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the District of Idaho's bankruptcy judges. *See Third Amended General Order,* Apr. 24, 1995. Nevertheless, under 28 U.S.C. § 157, this reference is subject to mandatory or permissive withdrawal, depending on the circumstances. *See* 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.").

The statute does not specify what is necessary to show "cause," but courts have identified a variety of factors that may be considered, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) prevention of forum shopping; and (5) other related factors. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1008 (9th Cir. 1997). "Other related factors" might include whether the issues are core or

non-core proceedings, as well as the right to a jury trial. *See Rosenberg v. Harvey A. Brookstein,* 479 B.R. 584, 587 (D. Nev. 2012).

### III. ANALYSIS

Here, the only relevant factor is one of the "related factors"—the right to a jury trial. The other four factors are not particularly important to the Court's Decision today and will not be addressed further.

This case involves claims of fraudulent conveyance and while such claims have been referred to as core proceedings, the Ninth Circuit has held that Bankruptcy Courts cannot adjudicate fraudulent conveyance claims, but that they must be presented to a jury for determination. *In re Billingham Ins. Agency, Inc.,* 702 F.3d 553 (9th Cir. 2012), *aff'd* 134 S. Ct. 2165 (2014). Because a defendant's right to a jury trial constitutes cause for withdrawal of the reference, s*ee In re Healthcentral.com,* 504 F.3d 775, 788 (9th Cir. 2007), and because no objection has been raised to the Motion to Withdraw, the Court finds good cause to GRANT the Motion.

### IV. ORDER

IT IS HEREBY ORDERED:

1. Resler's Motion to Withdraw Reference (Dkt. 1) is hereby GRANTED. As outlined below, once the Bankruptcy Court certifies the case is ready for trial the Court will withdraw the reference.

2. The bankruptcy court will preside over all pretrial matters in this case, including discovery and pretrial conferences, and will resolve routine and non-

dispositive motions. If either party files a dispositive motion, the bankruptcy court will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to this Court.

3. If and when it becomes clear that a jury trial will be necessary, and the case is prepared and ready for trial to begin, the Bankruptcy Court shall so certify to this Court and the reference will be withdrawn at that time.

4. Until the Bankruptcy Court certifies that this case is ready for trial, the parties shall file all motions, pleadings, and other papers in the adversary proceedings in the Bankruptcy Court.

DATED: July 20, 2018

David C. Nye
U.S. District Court Judge